# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IVORY NUTALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:14 CV 4738 |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| RESERVE MARINE TERMINALS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Ivory Nutall ("Nutall") alleges that Defendant Reserve Marine Terminals ("Reserve Marine") discriminated against him on the basis of a perceived disability and retaliated against him for filing a workers' compensation claim in violation of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-103(I), and Illinois common law. A jury trial is scheduled to begin on Monday, July 18, 2016. Presently before us are ten motions in limine filed by Defendant in preparation for trial.

As set forth below, we grant Defendant's motions in part and deny them in part.

## STANDARD OF REVIEW

Pursuant to our "inherent authority to manage the course of trials," we have broad discretion when ruling on evidentiary questions raised by motions in limine. *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984); *Perry v. City of Chi.*, 733 F.3d 248, 252 (7th Cir. 2013); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). In limine rulings serve "to ensure the expeditious and evenhanded management

of the trial proceedings." *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *see Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001). Such rulings allow the parties to focus their preparations, eliminate delays during trial, and enable us to preemptively exclude "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson*, 115 F.3d at 440; *Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2013 WL 1816162, at *1 (N.D. Ill. Apr. 29, 2013); *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011); *Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007).

Unless the moving party can demonstrate that the challenged evidence is clearly inadmissible on all possible grounds, we must defer our evidentiary ruling until trial. *Thomas*, 514 F. Supp. 2d at 1087; *Anglin v. Sears, Roebuck & Co.*, 139 F. Supp. 2d 914, 917 (N.D. Ill. 2001); *Tzoumis*, 168 F. Supp. 2d at 873. We can then accurately assess the foundation, relevance, and potential prejudice of the evidence in the context of the trial as a whole. *Casares*, 790 F. Supp. 2d at 775; *Thomas*, 514 F. Supp. 2d at 1087; *Tzoumis*, 168 F. Supp. 2d at 873. Because a ruling on a motion in limine is "subject to change as the case unfolds," we reserve the option of revisiting our preliminary evidentiary determinations as appropriate at trial. *Luce*, 469 U.S. at 41, 105 S. Ct. at 463; *Perry*, 733 F.3d at 252; *Thomas*, 514 F. Supp. 2d at 1087.

**ANALYSIS**

We shall first briefly address two unopposed motion and then will consider the disputed motions in greater detail.

Defendant filed two unopposed motions in limine, seeking to prelude Plaintiff from: (1) presenting evidence regarding the size or location of defense counsel's law firm, and (2) offering evidence or argument that Defendant is an out-of-state or foreign company.

(*See* Mot. (Dkt. No. 77) at 1.) Since Plaintiff does not contest either motion, (*See* Resp. (Dkt. No. 78) at 6), Defendant's two unopposed motions are hereby granted. Plaintiff shall not offer any evidence concerning defense counsel's law firm's size or location or Defendant's status as an out-of-state or foreign company.

In addition to the unopposed motions, Defendant filed eight motions in limine that Plaintiff opposes. (*See* Mot. at 1; Resp. at 1–6.) Defendant asks us to preclude: (1) testimony from Dr. Kern Singh and David Noble as experts, (2) the CVs and/or resumes of Dr. Singh and Mr. Noble, (3) the introduction of Plaintiff's entire personnel file, Dr. Singh's entire medical file for Plaintiff, or ATI's entire medical file for Plaintiff, (4) evidence regarding emotional distress or damages relating to Plaintiff's back injury or as a result of his subsequent surgery or rehabilitation, (5) evidence regarding Plaintiff's claim that he believes he can lift 70 pounds, (6) evidence regarding Plaintiff's allegation that Defendant never returned Plaintiff's tools to him, (7) testimony from witnesses not previously identified by Plaintiff,[1] and (8) evidence of testimony from expert witnesses. (*See* Mot. at 1.) We discuss each opposed motion in limine below.

I. **Motion Concerning Expert Testimony from Dr. Singh or David Noble**

In his first motion in limine, Defendant asks us to prohibit any expert testimony by Plaintiff's witnesses Dr. Singh ("Singh") or David Noble ("Noble") based on Plaintiff's failure to properly disclose the witnesses as experts under Federal Rule of Civil Procedure 26(a)(2). (*See id.* at 2.) Plaintiff "agrees that David Noble is not an expert witness and agrees that he may be called as a fact witness only." (*See* Resp. at 1.) Accordingly, Plaintiff shall not offer expert testimony from Noble. As to Dr. Singh's testimony, Plaintiff argues that Singh is being called as

---

[1] In response to this motion, Plaintiff states that he "does not intend to call 'surprise witnesses' at trial." (Resp. at 6.) We deny Defendant's seventh motion as moot.

a "treating physician expert," and "can be deposed or called to testify at trial without any requirement for a written report." (*See id.* (citing *Musser v. Gentina Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004).) Plaintiff misstates the disclosure requirements for a treating physician under Rule 26(a)(2).

### a. *Expert Disclosure under Rule 26*

According to the Federal Rules of Civil Procedure, potential witnesses are divided into three categories for the purposes of disclosure: (1) fact witnesses, (2) non-retained expert witnesses, and (3) retained expert witnesses. Fed. R. Civ. P. 26(a)(1)(A); Fed. R. Civ. P. 26(a)(2)(A)–(B). A fact witness is properly disclosed "by sending to the opposing party the name, address, and phone number (if known) of each potential witness," along with "the subjects of information" the witness will likely testify to. Fed. R. Civ. P. 26(a)(1)(A). Expert witnesses, on the other hand, are subject to increased disclosure requirements: "In addition to the disclosures required [for fact witnesses], a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."[2] Fed. R. Civ. P. 26(a)(2)(A). While the rules differentiate between two types of experts[3][4]; non-retained experts and retained experts; all experts, regardless of whether they are retained or non-retained, must be disclosed in

---

[2] Rules 702, 703 and 705 concern testimony by an expert witness. An expert witness, unlike a fact witness, "is qualified as an expert by knowledge, skill, experience, training or education," and as a result of that expertise, "may testify in the form of an opinion . . . ." Fed. R. Evid. 702.

[3] A witness who is "retained or specially employed to provide expert testimony," must provide a "written report prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). Non-retained experts need not provide a written report but must still provide: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

[4] According to the 1993 amendments to Rule 26, "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Fed. R. Civ. P. 26, cm.2.

accordance with Rule 26(a)(2)(A). *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011); *Musser*, 356 F.3d at 756; *Brandon v. Vill. of Maywood*, 179 F. Supp. 2d 847, 858 (N.D. Ill. 2001). "[E]ven treating physicians . . . must be designated as experts if they are to provide expert testimony." *Musser*, 356 F.3d at 758. The relevant inquiry when considering required disclosers, then, is not whether the witness is labeled as a "treating physician," but if the witness will testify pursuant to Rule 702. *Johnson v. Norfolk S. Ry. Co.*, No. 12 C 102, 2015 WL 3738545, at *3 (N.D. Ind. June 15, 2015) ("Treating physicians, if disclosed as fact witnesses, may testify only regarding personal observations, examinations, and diagnoses completed during the course of treatment and contained within the relevant medical records."); *Norton v. Schmitz*, No. 8 C 4365, 2011 WL 4984488, at *3 (N.D. Ill. May 27, 2011) (finding that treating physician testimony concerning cause of illness, low heart rate and the need for a pacemaker were expert opinions that required Rule 26(a)(2)(A) disclosures); *Caldwell v. City of Chi.*, No. 8 C 3067, 2010 WL 380696, at *4 (N.D. Ill. Jan. 28, 2010) (holding that where treating physician was not disclosed as an expert, physician could testify "to his personal observations, diagnoses, and treatment," but could not testify "concerning opinions that he has subsequently formed or testify concerning any causation issues"); *Brandon*, 179 F. Supp. 2d at 859 ("For a treating physician, testimony about what the physician actually observed and what treatment he provided are not matters outside of the ken of the average juror, so Rule 702 . . . [is] not triggered."); *Tzoumis*, 168 F. Supp. 2d at 876 ("A treating physician is not automatically an 'expert' witness simply because he is a doctor. . . . A treating physician that has not been previously disclosed as an expert may still testify regarding his observations made during the course of treatment and on matters in his personal knowledge.")

Here, Plaintiff did not disclose Dr. Singh as an expert witness under Rule 26(a)(2)(A).[5] Accordingly, we must first consider whether a Rule 26(a)(2)(A) disclosure was required; or stated another way, whether Dr. Singh's proposed testimony falls within Rule 702. *Musser*, 356 F.3d at 757. Plaintiff alleges that Dr. Singh "is being called as a treating physician expert," who may "provide expert testimony because of [his] involvement in the facts of the case . . . ." (Repl. at 1.) Specifically, Dr. Singh "is being called at trial to provide testimony about his medical treatment of Plaintiff." (*Id.*)

Despite Plaintiff labeling Dr. Singh as an "expert," we believe that Dr. Singh may testify as a fact witness "to his personal observations, diagnoses, and treatment."[6] *Caldwell*, 2010 WL 380696, at *4; *see also Johnson*, 2015 WL 3738545, at *3; *Norton*, 2011 WL 4984488, at *3; *Brandon*, 179 F. Supp. 2d at 859; *Tzoumis*, 168 F. Supp. 2d at 876. However, to the extent that Dr. Singh's testimony relies "on specialized medical training and knowledge that is outside of the average juror's sphere of knowledge," *Brandon*, 179 F. Supp. 2d at 858, Dr. Singh is no longer testifying as a fact witness and is subject to Rule 26(a)(2)(A) expert disclosures. Accordingly, in the case that Dr. Singh's trial testimony exceeds the scope of a mere fact witness, we must next consider the implications of Plaintiff's failure to disclosure Dr. Singh as an expert.

---

[5] In his response brief, Plaintiff conflates the disclosure requirements under Rule 26(a)(2)(A) with the written expert report requirements under Rule 26(a)(2)(B). (*See* Resp. at 1.) As addressed above, all expert witnesses must be disclosed under Rule 26(a)(2)(B); only retained experts are required to file a written expert report. *See* Fed. R. Civ. P. 26(a)(2)(A)–(B). Plaintiff argues that because Dr. Singh is a non-retained expert, he need not file a report. (Repl. at 1.) That is correct. Fed. R. Civ. P. 26(a)(2)(C). Plaintiff fails to address, however, his failure to disclose Dr. Singh as a non-retained expert under Rule 26(a)(2)(A).

[6] Based on these minimal disclosures, we cannot, at this time, conclusively determine the scope of Dr. Singh's testimony.

*b. Exclusion of Expert Testimony under Federal Rule of Civil Procedure 37(c)(1)*

Under Rule 37(c)(1), failure to comply with Rule 26(a)(2)(A) mandates the automatic exclusion of non-disclosed testimony unless the non-disclosure was: (1) justified or (2) harmless. *Tribble v. Evangelides*, 670 F.3d 753, 758 (7th Cir. 2012); *Musser*, 356 F.3d at 758 (internal citation omitted); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *Avnet, Inc. v. Motio, Inc.*, No. 12 C 2100, 2016 WL 927194, at *6 (N.D. Ill. Mar. 4, 2016). Whether a Rule 26(a) violation is justified or harmless is within our sound discretion. *David*, 324 F.3d at 857. In making our 'harmless' determination, the Seventh Circuit asks us to consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (internal citations omitted) (affirming district court's exclusion of non-disclosed experts' testimony because defendant "was denied opportunity to question the witnesses in their expert capacity" at experts' depositions); *In re Zimmer Nexgen Knee Implant Prod. Liab. Litig.*, No. 12 C 6279, 2015 WL 3799534, at *7 (N.D. Ill. June 17, 2015) (permitting non-disclosed expert's testimony where doctor was deposed about his opinions); *Montanez v. Fico*, No. 10 C 4708, 2012 WL 2062562, at *1 (N.D. Ill. June 6, 2012) (denying motion in limine seeking exclusion of untimely disclosed expert because non-disclosure was harmless; doctor already testified at a deposition and most of the testimony was contained in medical records); *Osuji v. City of Chi.*, No. 2 C 4199, 2005 WL 1799277, at *7 (N.D. Ill. July 26, 2005) (holding that non-disclosure of treating physicians constituted harmless error where no report was required under Rule 26(a)(2)(B) and opposing party deposed the treating physicians and knew the substance of their testimony).

In his reply to Defendant's motion, Plaintiff does not address Defendant's Rule 26(a)(2)(A) disclosure argument. Accordingly, Plaintiff does not provide a justification for his non-disclosure. Despite Plaintiff's lack of justification, the non-disclosure "may be harmless depending on what the testimony is." *Brandon*, 179 F. Supp. 2d at 858. Here, we find that to the extent Dr. Singh testifies only to content addressed in his deposition, non-disclosure was harmless and will not prejudice Defendant. *In re Zimmer Nexgen Knee Implant Prod. Liab. Litig.*, 2015 WL 3799534, at *7; *Montanez*, 2012 WL 2062562, at *1; *Osuji*, 2005 WL 1799277, at *7. If Dr. Singh's testimony exceeds the scope of his deposition testimony, however, this testimony will be excluded under Rule 37(c). *Musser*, 356 F.3d at 758. In an effort to provide Defendant as much notice as possible, Plaintiff shall submit a detailed disclosure concerning the intended scope of Dr. Singh's testimony by July 15, 2016. Defendant's motion is denied.[7]

## II. Motion Concerning the Introduction of Dr. Singh and Mr. Noble's CVs and Resumes

In its second motion in limine, Defendant asks us to preclude Plaintiff from offering Dr. Singh and Mr. Noble's CVs or resumes under Rules 402 and 403. (Mot. at 1.) Plaintiff does not intend to offer Mr. Noble's resume or CV, (Resp. at 2), so that motion is denied as moot.

As a general rule, only relevant evidence is admissible. Fed. R. Evid. 402. Relevant evidence is that which "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *Davis v. Duran*, 276 F.R.D. 227, 230 (N.D. Ill. 2011).

---

[7] In a separate motion in limine, Defendant seeks to preclude all "evidence or testimony by expert witnesses." (Mot. at 1.) Despite his objection to the exclusion of Dr. Singh's testimony, Plaintiff does not object to this blanket expert exclusion. (Resp. at 6.) Based on our analysis above, we deny Defendant's motion as it relates to Dr. Singh's testimony, but grant the motion as it relates to any additional, undisclosed, unnamed expert witness.

We must consider, then, whether Dr. Singh's resume and CV "have any tendency to make the existence of any fact . . . more . . . or less probable." Fed. R. Evid. 401; *Davis*, 276 F.R.D. at 230.

"Evaluating witness credibility and the weight of the evidence" is "the ageless role of the jury." *Ernst v. City of Chi.*, 39 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Mohr v. Chi. Sch. Reform Bd. of Trustees of Bd. of Educ. of City of Chi.*, 155 F. Supp. 2d 923, 926 (N.D. Ill. 2001) ("Questions of witness credibility are reserved for the jury.") (internal citation omitted). This task is not limited to fact witnesses; a jury must also consider, "[t]he soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions." *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 896 (7th Cir. 2013) (citing *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000); *Brand v. Comcast Corp., Inc.*, 302 F.R.D. 201, 209 (N.D. Ill. 2014). As addressed above, Dr. Singh may testify as a fact witness regarding his personal observations and treatment of Plaintiff, and as a non-retained expert witness concerning testimony disclosed in his deposition. Accordingly, Dr. Singh's qualifications go directly to the credibility and weight of his testimony and are thus relevant and admissible. Defendant's motion to exclude Dr. Singh's resume and CV is denied.

**III.  Motion Concerning the Introduction of Plaintiff's Entire Personnel File, Dr. Singh's Entire Medical File for Plaintiff, and ATI's Entire Medical File for Plaintiff**

Defendant asks us to exclude Plaintiff's Reserve Marine personnel file (193 pages) along with two medical files; one from his treatment with Dr. Singh (150 pages), and a second related to his treatment with Noble at ATI (136 pages). (Mot. at 1.) Defendant argues that the majority of the materials in the files are irrelevant, cumulative and are likely to confuse or mislead the

jury. (*Id.*) Based on an agreed stipulation[8] concerning the contents of Plaintiff's personnel file, Plaintiff agrees to withdraw the entire file from his exhibit list. (Resp. at 2.) Defendant's motion concerning Plaintiff's personnel file is denied as moot. Plaintiff does object to the exclusion of his two medical files and argues that the files directly counter Defendant's direct threat defense and provide context for Plaintiff's retaliatory discharge claim. (*Id*. at 3.) Plaintiff does not identify the specific documents he intends to introduce into evidences, and instead offers both files in their entirety. (*See* PTO (Dkt. No. 86) at 9.)

Because Plaintiff has not identified specific documents in his medical records that he seeks to admit into evidence, we cannot rule on admissibility of the medical files at this time. We do note, however, that only relevant material will be admitted at trial. Documents contained within the medical files that are not relevant will be excluded. We deny Defendant's motion concerning Plaintiff's medical records at this time. *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993) ("Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."). By July 15, 2016, Plaintiff shall identify the specific documents in the medical records that he intends to offer at trial and why the documents are relevant and admissible.

## IV. Evidence Regarding Emotional Distress or Damages Relating to Plaintiff's Back Injury or as a Result of his Subsequent Surgery or Rehabilitation

In its fourth motion in limine, Defendant asks us to preclude Plaintiff from testifying to any emotional distress and damages caused by his injury and rehabilitation. (Mot. at 1.) Defendant again alleges that this testimony is irrelevant and prejudicial. (*Id*.) Plaintiff concedes that he may not collect, and is not seeking, damages related to his physical injury. (Resp. at 3.)

---

[8] The parties have agreed to stipulate that: "Plaintiff's personnel file contains 193 pages. There is no job description or any other list of qualifications for his job in the file." (Resp. at 2.)

Plaintiff argues, however, that testimony concerning the emotional distress caused by his injuries and rehabilitation is relevant as background information and to a punitive damages calculation. (*Id*.) We disagree and grant Defendant's motion.

First, Plaintiff's suit alleges discrimination by Defendant; this is not a workers' compensation trial related to damages stemming from Plaintiff's physical injury. (*Id*.) In this case, Plaintiff claims that he was injured and then was rehabilitated, qualifying him to return to work. (PTO at 1–2.) According to Plaintiff, despite his rehabilitation, Defendant failed to recall Plaintiff because it: (1) perceived him as disabled, or (2) retaliated against him for filing a workers' compensation claim. (*Id*. at 2.) Defendant alleges that Plaintiff never recovered from his injury and was not qualified for recall. (*Id*.) At this stage, we fail to see how testimony concerning the emotional distress or damages caused by Plaintiff's injury and rehabilitation make any allegation of discrimination more or less probable.[9] Fed. R. Evid. 401; *Davis*, 276 F.R.D. at 230. Plaintiff may testify as to the initial injury he suffered and the treatment he underwent, but he may not testify as to any emotional distress caused by the injury or his rehabilitation (as opposed to the alleged discrimination).

**V.     Evidence Regarding Plaintiff's Claim that He Believes He Can Lift 70 Pounds**

Defendant objects to Plaintiff's proffered testimony that he believes he can lift 70 pounds. (Mot. at 1.) Defendant does not cite any case law in support of its motion but argues that Plaintiff's personal beliefs as to his qualifications are prejudicial. (*Id.*) We disagree.

To support his discrimination and failure to recall claims, Plaintiff must prove that he was "otherwise qualified" to perform the essential functions of his job. *Basden v. Prof'l Transp.,*

---

[9] We also find Plaintiff's argument that this testimony is relevant to a punitive damages calculation unpersuasive. Plaintiff's pain and suffering caused by his injury and rehabilitation is in no way related to Defendant's discriminatory conduct.

*Inc.*, 714 F.3d 1034, 1037 (7th Cir. 2013). If Plaintiff establishes that he was "otherwise qualified," he then must prove that he was discriminated against based on his perceived disability. *Dickerson v. Bd. of Trustees of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011). Plaintiff may prove discrimination through either direct or indirect evidence. *Dickerson*, 657 F.3d at 601; *Burnell v. Gates Rubber Co.*, 647 F.3d 704, 708 (7th Cir. 2011). When a plaintiff relies on indirect evidence,[10] we follow the burden shifting approach established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). Under this method, once the plaintiff proves a prima facie case of discrimination, the burden shifts to the defendant to offer a legitimate, non-discriminatory reason for the adverse employment action. *Dickerson*, 657 F.3d at 601. Once a legitimate reason is offered, the burden shifts back to the plaintiff to show that the proffered reason is in fact pretext for intentional discrimination. *Id.*

Here, Defendant argues: (1) Plaintiff was not otherwise qualified for his position because he could not lift 70 pounds, and (2) even if Plaintiff was qualified, Defendant did not recall Plaintiff because Plaintiff failed to provide Defendant with a sufficient medical release.[11] We find that Plaintiff's personal beliefs concerning his ability to lift 70 pounds are admissible and relevant to support his claim that he was "otherwise qualified" and to rebut Defendant's contention that Plaintiff was not recalled because he failed to submit a medical release. Unlike

---

[10] In his reply to Defendant's motion for summary judgment, Plaintiff relied on both the direct and indirect method of proof.

[11] Defendant also argues that Plaintiff was not qualified because he was a "direct threat." Under the ADA, "[a]n individual is not qualified if he presents a 'direct threat' to his own health or that of others." *Darnell v. Thermafiber, Inc.*, 417 F.3d 657, 660 (7th Cir. 2005). The determination that Plaintiff poses a direct threat must be premised upon "a reasonable *medical judgment* that relies on the most current *medical knowledge* and/or the best available objective evidence, and upon an expressly individualized assessment of the individual's present ability to safely perform the essential functions of the job." *Id.* (emphasis added). Because a direct threat analysis must be based on medical judgment, we find that Plaintiff may not testify as to his personal beliefs concerning Defendant's direct threat allegation.

the direct threat defense (*see* fn. 8), we find no law (nor does Defendant submit any law) suggesting that expert medical proof is required to support an "otherwise qualified" claim. Accordingly, Defendant's motion is denied.

## VI. Motion Regarding Allegations that Reserve Marine Never Returned Plaintiff's Tools

Defendant's sixth motion in limine moves to exclude any testimony by Plaintiff that Reserve Marine never returned his tools. (Mot. at 1.) Defendant argues that any mention of Plaintiff's missing tools should be excluded pursuant to Rules 402 and 403 on relevance grounds. (Mot. at 5.) Plaintiff argues that he is permitted to seek damages for the missing tools and that the missing tools are relevant to rebut Defendant's argument that he failed to mitigate his damages. (Resp. at 6.) We agree with Plaintiff that, assuming he can prove the necessary intent and causation, he may recover any and all compensatory damages stemming from his disability discrimination claim.[12] *Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 337 (7th Cir. 2105); *Phipps v. Sheriff of Cook Cty.*, 681 F. Supp. 2d 899, 917 (N.D. Ill. 2009). Additionally, to the extent that Defendant argues that Plaintiff did not mitigate his damages, testimony regarding Plaintiff's tools may also be relevant to rebut this assertion.

---

[12] Compensatory and punitive damages are not available for an ADA retaliation claim. *Kramer v. Banc of Amer. Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004).

**CONCLUSION**

For the reasons stated above, we grant Defendant's motion in limine regarding emotional distress or damages relating to Plaintiff's injury and rehabilitation, Defendant's motion concerning the size and location of defense counsel's firm, and Defendant's motion relating to Defendant's status as an out-of-state or foreign corporation. We deny Defendant's motions concerning Dr. Singh's testimony, Dr. Singh's resume or CV, Plaintiff's personal belief that he can lift 70 pounds, and Defendant's motion concerning Plaintiff's missing tools.

By July 15, 2016, Plaintiff shall submit an expert disclosure for Dr. Singh pursuant to Fed. R. Evid. 26(a)(2)(C) or Plaintiff shall be barred from presenting testimony pursuant to Rule 702. By the same date, Plaintiff also shall identify the specific documents within his medical files that he intends to offer at trial along with grounds for each document's admissibility. The trial date of July 18, 2016 is vacated. The status date of June 30, 2016 to report on settlement remains at which time a new trial date will be set if need be. It is so ordered.

                                                                         Honorable Marvin E. Aspen
                                                                         United States District Judge

Dated: June 28, 2016
        Chicago, Illinois